# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

LEONARD JENKINS, III,       )
                            )
    Plaintiff,        )
                            )
v.                          )    Case No.  CV414-086
                            )
TRAVEL CENTERS OF AMERICA,)
                            )
    Defendant.        )

## REPORT AND RECOMMENDATION

Leonard Jenkins has filed an employment discrimination action against Travel Centers of America, claiming that it terminated his employment because of his disability. (Doc. 1.) He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) The Court **GRANTS** his motion to proceed IFP, but his case must be dismissed upon initial screening under 28 U.S.C. 1915(e)(2)(B)(ii), as his complaint fails to state a claim for relief.

Jenkins has attached a right-to-sue letter from the EEOC dated January 9, 2014. (Doc. 1 at 9.) He did not file the complaint until April 30, 2014, 111 days later. (*Id.*) He was required to file this case "within

90 days of receiving an EEOC notice of his right to sue. 42 U.S.C. § 2000e–5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002)." *Patel. v. Georgia Dep't of Behavioral Health*, 517 F. App'x 750, 752 (11th Cir. 2013). Since Jenkins filed suit nearly a month late, and since he has offered no grounds for equitable tolling of the limitations period,[1] his case should be **DISMISSED** as time-barred.

  **SO REPORTED AND RECOMMENDED** this 24TH day of June, 2014.

         UNITED STATES MAGISTRATE JUDGE
         SOUTHERN DISTRICT OF GEORGIA

---

[1] The 90-day limitations requirement is not jurisdictional and is subject to equitable tolling and wavier. *See Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling 90-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and Circuit precedent on this issue). Therefore, courts should generally refrain from dismissing a Title VII action *sua sponte* on the basis of untimeliness. Where, however, the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed IFP, the court may dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows dismissal of any action brought by an IFP plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming *sua sponte* dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of *sua sponte* dismissal based on statute of limitations). Of course, Jenkins has an opportunity to set out a basis for equitable tolling in any objection to this Report and Recommendation that he may wish to file.